## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

JENNIFER B.,                                )
                                            )
    Plaintiff,                          )
                                            )
              v.             )   1:20-cv-00469-JDL
                                            )
KILOLO KIJAKAZI,                            )
Acting Commissioner of                      )
Social Security,                            )
                                            )
    Defendant.                          )

## ORDER

The Plaintiff, Jennifer B., seeks judicial review (ECF No. 1) pursuant to 42 U.S.C.A. § 405(g) (West 2022) of the final administrative decision of the Social Security Administration Commissioner determining that, although she has severe impairments, she retains the functional capacity to perform substantial gainful activity and thus is not disabled and is not entitled to supplemental security income ("SSI"). Jennifer seeks remand on the bases that the Administrative Law Judge ("ALJ"): (1) mischaracterized the evidence, (2) ignored evidence of the significant support structure that Jennifer required to function in her community, (3) and did not adequately assess Jennifer's limitations in her ability to engage in daily-living activities. On March 16, 2022, I held a hearing and heard arguments. I conclude that remand is warranted based on the ALJ's failure to acknowledge and resolve a material evidentiary conflict regarding whether Jennifer has the ability to work with co-workers and supervisors. Accordingly, I vacate the Commissioner's decision and remand this case for further proceedings consistent with this Order.

## I.  ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the March 3, 2020, decision of the ALJ (ECF No. 21-2 at 9-30).[1]  The ALJ's decision tracks the five-step sequential evaluation process for analyzing social security disability claims.  *See* 20 C.F.R. § 416.920 (2022). The ALJ found that Jennifer has severe impairments consisting of post-traumatic stress disorder ("PTSD"), social anxiety disorder, depressive disorder, attention deficit hyperactivity disorder ("ADHD"), borderline personality disorder, fibromyalgia, obesity, asthma. right knee impairment, migraine headaches, and plantar fasciitis.  However, the ALJ also determined that these impairments, either individually or in combination, did not meet or medically equal the severity of the statutorily listed impairments and thus did not warrant a finding of disability at the third stage of the evaluation.  The ALJ further determined that, despite Jennifer's impairments, she has the residual functional capacity ("RFC") to perform light work with multiple exceptions.  These included  performing only simple, unskilled work in a "low stress" job, defined as no more than occasional decision-making and no more than occasional changes in work setting; never interacting with the public as part of her work duties but occasionally interacting with co-workers and supervisors; and performing no fast-paced work. Based on the RFC finding, Jennifer's work experience, and the testimony of a Vocational Expert, the ALJ concluded that Jennifer can perform substantial gainful work existing in the national economy,

---

[1] The Appeals Council declined to review the ALJ's decision, which is, therefore, the final decision.

including the representative occupations of mail clerk, price marker, and office clerk.
The ALJ determined, therefore, that Jennifer was not disabled.

## II. STANDARD OF REVIEW

A court must affirm the Commissioner's decision if it is based on the correct
legal standards and is supported by substantial evidence, even if the record contains
evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of
Health & Hum. Servs.*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan
v. Sec'y of Health & Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).
Substantial evidence is evidence that a reasonable mind might accept as adequate to
support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v.
Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings
of fact are conclusive when supported by substantial evidence, but are not conclusive
when derived by ignoring evidence, misapplying the law, or judging matters
entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (citation
omitted).

The ALJ reached Step 5 of the sequential evaluation process, 20 C.F.R. §
416.920(g), at which stage the burden of proof shifts to the Commissioner to show
that a claimant can perform work other than her past relevant work. *Bowen v.
Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote v. Sec'y of Health & Hum. Servs.*,
690 F.2d 5, 7 (1st Cir. 1982). The record must contain substantial evidence in support
of the Commissioner's findings regarding the plaintiff's RFC to perform such other
work. *Rosado v. Sec'y of Health & Hum. Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## III.  ANALYSIS

Jennifer argues that the ALJ erred in evaluating the expert medical opinions when he assessed her RFC.  Jennifer asserted both physical and mental impairments in her original application for SSI; however, her argument challenging the ALJ's determination focuses solely on the ALJ's mental RFC.  The ALJ assessed Jennifer's mental RFC by reviewing Jennifer's self-reporting regarding her mental health, the expert medical opinions, and Jennifer's prior administrative medical findings.

John Agee, PhD, performed a psychological evaluation of Jennifer in 2014 for possible ADHD.  Jennifer reported to Dr. Agee that she had difficulty staying focused and was depressed.  At that time, she reported being unemployed and that she had difficulty maintaining a job because of her trouble "staying focused" and "needing to be told things too many times."  ECF No. 21-9 at 67.  Dr. Agee assessed Jennifer's baseline level of intellectual functioning as within the low average range for her age.  Dr. Agee's ultimate conclusion was that Jennifer suffered from major depressive disorder, and he did not diagnose her with ADHD at that time.  Dr. Agee did not assess Jennifer's functional social limitations.

In 2018, James Werrbach, PhD, conducted a psychological evaluation of Jennifer pursuant to her Social Security disability claim.  R. 550.  Dr. Werrbach interviewed Jennifer and administered the Wechsler Adult Intelligence Scale – IV to her.  Dr. Werrbach concluded that, based on Jennifer's social limitations, "[i]t would appear that she would have difficulties interacting in an adequate fashion with coworkers, supervisors, and the general public."

Two State Agency Psychological Consultants, Lewis Lester, PhD, and Brian Stahl, PhD, then reviewed portions of Jennifer's medical records, including Dr. Werrbach's evaluation. Both concluded that Jennifer had the capacity to reliably perform two-hour blocks of simple work-related tasks. Additionally, both agreed with Dr. Werrbach that "she cannot interact with the public due to her cognitive compromises, personality dysfunction, anxiety, depression and reported pain." ECF No. 21-3 at 12, 28. However, their findings diverged from Dr. Werrbach's when they concluded that "she can interact with co-workers and supervisors in a normal work setting." ECF No. 21-3 at 12, 28. The ALJ quoted this conclusion and relied upon it when formulating the RFC.

Jennifer contends that, contrary to the ALJ's RFC, Jennifer's mental health impairment cannot be addressed by a limitation to performing simple tasks, and that she cannot have occasional interactions with co-workers and supervisors. For this reason, she asserts that the RFC was not based on substantial evidence and thus it cannot provide the basis for a determination that she is not disabled. Jennifer argues that this purported error is dispositive because a limitation of not being able to have interactions with coworkers and supervisors, together with the other limitations of her RFC, could preclude all employment. The Commissioner responds that the ALJ recognized the discrepancy between Dr. Werrbach's conclusion that Jennifer could not work with co-workers and supervisors and Dr. Lester's and Dr. Stahl's conclusions that she could and relied upon the latter because he weighed the evidence and found the State Agency Psychological Consultants' opinions more persuasive than Dr. Werrbach's on this point. The Commissioner contends that Jennifer is

improperly asking the Court to re-weigh the evidence to conclude that the opinions of these experts were inconsistent.

I conclude that the ALJ's findings in support of his RFC mischaracterize the relationship between the medical opinion reports, and that this mischaracterization of the evidence resulted in an RFC that was not supported by substantial evidence. The ALJ's conclusion that the opinions of the State Agency Psychological Consultants were persuasive because of their consistency with Dr. Werrbach's opinion is not supportable given the clear inconsistency between the Consultants' opinions and Dr. Werrbach's opinion regarding Jennifer's ability to interact with coworkers and supervisors. The State Agency Psychological Consultants, after reviewing portions of Jennifer's medical records, including Dr. Werrbach's report, determined that Jennifer "can interact with co-workers and supervisors in a normal work setting." ECF No. 21-3 at 12, 28. This squarely contradicts Dr. Werrbach's conclusion that Jennifer would have difficulty interacting with co-workers and supervisors, and the ALJ did not provide any explanation for how he nonetheless found the opinions consistent. Thus, the ALJ did not make a credibility determination that resulted from weighing the opinions of the State Psychological Consultants over that of Dr. Werrbach; instead, the ALJ erroneously concluded that the opinions were consistent, and then relied upon this purported consistency to determine that the opinions of the State Psychological Consultants opinions were persuasive and relied upon those opinions to formulate the RFC. The ALJ mischaracterized the evidence by concluding that the opinions were consistent.

As the First Circuit has recognized, "[a] substantial loss of ability to meet . . . basic work-related activities" including "to respond appropriately to supervision, coworkers, and usual work situations," "would severely limit the potential occupational base" and, thus, "justify a finding of disability." *Lancellota v. Sec'y of Health & Hum. Servs.*, 806 F.2d 284, 286 (1st Cir. 1986) (quoting Social Security Ruling 85-15, 1985 WL 56867, at *4 S.S.A. 1985).   Thus, the ALJ's mischaracterization of the evidence, which resulted in an RFC that determined that Jennifer B. has the capacity to perform simple unskilled work including interactions with supervisors and co-workers, was dispositive to the conclusion that Jennifer was not disabled.  Because the RFC that was provided to the Vocational Expert was not supported by substantial evidence, the Vocational Expert's testimony that Jennifer could perform work that exists in significant numbers in the national economy is also not supported by substantial evidence.  *See, e.g.*, *Arocho v. Sec'y of Health & Hum. Servs.*, 670 F.2d 374, 375 (1st Cir. 1982).

## IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Commissioner's administrative decision is **VACATED**, and the matter is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C.A. § 405(g) for further administrative action consistent with this opinion.

**SO ORDERED.**

**Dated this 24th day of May, 2022.**

/s/ **Jon D. Levy**
**CHIEF U.S. DISTRICT JUDGE**
