## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

JENNIFER B.,                          )
                                      )
          Plaintiff                   )
                                      )
v.                                    )          No. 1:20-cv-00469-JDL
                                      )
KILOLO KIJAKAZI,                      )
Acting Commissioner                   )
of Social Security,                   )
                                      )
          Defendant                   )

**RECOMMENDED DECISION ON MOTION FOR 406(b) ATTORNEY FEES**

The Plaintiff moves for an award of $7,530.87 in attorney fees pursuant to 42 U.S.C. § 406(b) for her attorney's work in representing her before this Court and obtaining a remand of her case to the Commissioner that resulted in an award of $30,123.47 in benefits. *See* Motion (ECF No. 33) at 1. The Commissioner takes no position on the reasonableness of the requested fee award but raises a potential issue concerning the timeliness of the Plaintiff's motion. *See* Response (ECF No. 34) at 1. For the reasons that follow, I conclude that the motion was timely filed and should be granted.

### I.  Legal Standard

Section 406(b) of the Social Security Act provides that when a court renders a favorable judgment to a represented claimant, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by

1

reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Contingency fee agreements are "the default" arrangement and "the *primary* means by which fees are set for successfully representing Social Security benefits claimants in court." *Siraco v. Astrue*, 806 F. Supp. 2d 272, 274, 280 (D. Me. 2011) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).

A court reviewing a Section 406(b) request for reasonableness starts with the contingency fee arrangement, and the burden is on the Commissioner, as "the person attacking the resulting fee amount[,] to show that part of it is unearned." *Id.* at 277, 280. But where the attorney is successful in reversing the denial of benefits, there are no signs of delay or inadequate representation, and "[t]here is no suggestion that this was obviously an inordinately easy case from the outset and that the success was not due to the law firm's efforts," that is "the end of the matter." *Id.* at 277.

This Court's Local Rule 54.2 provides that Section 406(b) fee applications "shall be filed within 30 days of the date of the Commissioner of Social Security's notice of award that establishes both that there are past due benefits and the amount thereof." Loc. R. 54.2.[1]

## II. Background

The Plaintiff's evidence reflects, and the Commissioner does not dispute, that her fee request conforms with the Plaintiff's contingency fee agreement and does not

---

[1] While the making of an application for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA) does not preclude an award of attorney fees pursuant to Section 406(b), a claimant's attorney must refund the smaller of the EAJA fee or the Section 406(b) fee to the claimant. *See, e.g., Gisbrecht*, 535 U.S. at 796. The Plaintiff represents that her attorney received no EAJA award, *see* Motion at 4; ECF No. 33-7, and the Commissioner confirms that he received no such award from her, *see* Response at 4-5.

exceed the twenty-five percent statutory limit. *See* Motion at 1 & n.1; ECF No. 33-1 at 1; ECF No. 33-4 at 2; Response at 1. The Commissioner does not suggest that this was an inordinately easy case or that its success was not due to the Plaintiff's attorney's efforts. *See* Response at 1. She does, however, flag a potential issue of untimeliness pursuant to Local Rule 54.2. *See id*. at 1-2.

The Commissioner issued four notices of awards (dated March 27, 2023, April 1, 2023, April 3, 2023, and April 12, 2023), *see* ECF No. 34-1; ECF No. 34-2; ECF No. 34-3; ECF No. 35-3, and two "Important Information" letters (dated March 27, 2023, and April 5, 2023), *see* ECF No. 35-1; ECF No. 35-2. She calculates that, even accepting the latest two dates (April 5 for the information letter and April 12 for the notice of award), the motion, which was filed on May 16, 2023, was due by either May 5, 2023, or May 12, 2023. *See* Response at 2-3 & n.1.[2]

The Plaintiff's attorney counters as follows. On March 27, he received both the March 27 notice of award, which calculated past-due benefits as $35,753.05 and made no mention of attorney fees, and the March 27 information letter, which stated that attorney fees had yet to be determined. *See* Reply (ECF No. 35) at 1-2; ECF No. 34-1; ECF No. 35-1. He did not receive either the April 1 or April 3 notices of award, both of which calculated past-due benefits as $22,364.10 and indicated that twenty-five percent of that amount was being withheld for attorney fees. *See* Reply at 1-2; ECF No. 34-2; ECF No. 34-3. On April 10, he received the April 5 information letter, stating that past-due benefits of $30,123.47 were being withheld until the amount of

---

[2] The Commissioner presumably meant, in stating that the motion would have been due on April 12 if predicated on the April 12 notice, *see* Response at 2 n.1, that it would have been due on May 12.

attorney fees was determined.  *See* Reply at 2; ECF No. 35-2.  In an effort to resolve the discrepancy between the sums set forth in the March 27 notice of award and the April 5 information letter, his office contacted the Bangor Social Security District Office on April 12 and was told that the sums set forth in both the March 27 notice of award and the April 5 information letter were wrong and that a new notice of award would issue in a few weeks.  *See* Reply at 2-3.  On May 9, he received the April 12 notice of award recalculating past-due benefits as $22,364.10.  *See id.* at 2; ECF No. 35-3.  Skeptical of the accuracy of that sum, the Plaintiff's attorney again had his office contact the Bangor District Office on May 16.  *See* Reply at 2.  His skepticism was well-founded: this time the Bangor District Office confirmed that the sum set forth in the April 5 information letter—$30,123.47—was correct.  *See* Reply at 2-3.  The Plaintiff's attorney then immediately filed this motion.  *See* Motion; Reply at 3.

### III.   Discussion

In this Circuit, the timeliness of a petition for attorney fees pursuant to Section 406(b) is governed by the flexible "'reasonable time' standard" of Federal Rule of Civil Procedure 60(b)(6), pursuant to which "district courts must determine whether any delay was reasonable based on the particular circumstances of each case, including any explanation for whatever delay may be at issue."  *Pais v. Kijakazi*, 52 F.4th 486, 493-94 (1st Cir. 2022).  "Naturally, these circumstances will also include the local rules of the district where the petition was filed," *id.* at 494 n.8—in this case, Local Rule 54.2.

In the context of Section 406(b) fee requests, this Court has construed Local Rule 54.2 "to apply only to a final notice of award." *Cordice v. Astrue*, No. 1:09-cv-254-JAW, 2012 WL 243089, at \*1 (D. Me. Jan. 24, 2012) (rec. dec.), *aff'd* 2012 WL 483193 (D. Me. Feb. 14, 2012). In *Cordice*, the Court held that a motion for Section 406(b) attorney fees was premature when, despite receiving a notice of award, both the claimant and his attorney had been informed that some past-due benefits had been withheld "pending a possible reduction to account for other benefits that may have been paid during a portion of the past-due period," and it was unclear when the Commissioner might complete that calculation. *Id.*

The Court observed that there was "no apparent reason to require piecemeal and repeated awards of attorney fees in Social Security cases involving past-due benefits" when "[e]veryone involved, including the court, will be best served by a single such motion to be brought after a final payment amount has been determined by the defendant." *Id.*

Citing *Cordice*, this Court again eschewed a rigid approach in holding that a Section 406(b) fee motion filed on January 21, 2016, was timely pursuant to Local Rule 54.2 as to both a claimant's October 6, 2015, notice of award and her dependent son's January 13, 2016, notice of award when his award was derivative of hers. *Weimer v. Comm'r, Soc. Sec. Admin.*, No. 2:13-CV-458-DBH, 2016 WL 1069948, at \*1-2 (D. Me. Mar. 18, 2016). The Court observed that "nothing is gained by requiring separate fee applications in a case like this." *Id.* at \*2.

5

The fee-award motion in this case likewise was timely filed. Here, as in *Cordice*, the Plaintiff's attorney received an initial (March 27) notice of award that was overtaken by subsequent events. He was informed on April 12 that a revised notice of award would be forthcoming in a few weeks and did not receive that notice, dated April 12, until May 9. Yet, as he suspected, the sum set forth in that notice of award again was wrong. Only on May 16, when the Bangor District Office confirmed that the sum set forth in the April 5 information letter was correct, did the Plaintiff's attorney receive what amounted to a final notice of the sum of the attorney-fee award. He timely filed this motion the same day.

## IV.  Conclusion

For the foregoing reasons, I recommend that the Motion be **GRANTED**, resulting in attorney fee award pursuant to 42 U.S.C. § 406(b) of $7,530.87.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: July 10, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge

6